Henry J. Logan, Esq. County Attorney, Westchester
You have asked whether a person may hold simultaneously the office of county director of intergovernmental relations and member of a town board of a town in that county.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is the legislative and administrative arm of town government. Thus, a member of that body would be responsible for determining policy on behalf of the town.
You have provided to us the job description for the position of county director of intergovernmental relations. The office of intergovernmental relations is the liaison between the county board of legislators and the State Legislature and the United States Congress. It represents the county before State and Federal administrative bodies and at public hearings on legislative and funding issues. It also serves as a liaison with city, town and village officials in the county and seeks to assist municipalities with problems that are inter-municipal in nature or beyond the scope of a municipality to resolve. The office of intergovernmental relations represents the county before various associations and other public interest groups. It also researches and prepares reports on major issues affecting the county.
As a member of the governing body of a town in the county, the subject individual might be inclined to support vigorously assistance to that town. We suggest that you consider whether this factor may affect the individual's ability to serve as an impartial liaison with all political subdivisions in the county. This judgment will necessarily be based on a detailed analysis of the functions and duties of the position with respect to municipal relations. Obviously, past experience concerning the actual functions of this office will be relevant. This determination is factual and must be made locally. Aside from this one consideration, we see no incompatibility between the two offices.
We conclude that subject to certain considerations, one person may hold simultaneously the positions of county director of intergovernmental relations and member of a town board of a town in that county.